JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CNSP, INC. dba NMSURF
Albert Catanach

## DEFENDANTS
City of Santa Fe

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Carl Hans Muller, 1308 Apache Avenue, Santa Fe, NM 87505, 505-428-7525

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

❑ 2  U.S. Government
        Defendant

❑ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI ❑ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 550 Civil Rights ❑ 555 Prison Condition ❑ 560 Civil Detainee - Conditions of Confinement | ❑ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒1  Original
        Proceeding

❑ 2  Removed from
        State Court

❑ 3  Remanded from
        Appellate Court

❑ 4  Reinstated or
        Reopened

❑ 5  Transferred from
        Another District
        *(specify)*

❑ 6  Multidistrict
        Litigation -
        Transfer

❑ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 332, 1455
Brief description of cause:
Review of Planning Commission denial of Plaintiff waiver request

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE  David K. Thompson          DOCKET NUMBER  D-0101-CV-2016-01719

DATE
08/11/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CNSP, INC., D/B/A NMSURF,

      Plaintiff,

ALBERT CATANACH, as an individual

      Co-Plaintiff,

v.                            Case No.

CITY OF SANTA FE,         Jury Trial Demanded

      Defendant.

## COMPLAINT FOR DECLATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

    COMES NOW CNSP, Inc., dba NMSURF ("NMSURF"), by and through their attorney Carl Hans Muller, and Albert Catanach, as an individual pro-se, and for their Complaint against the City of Santa Fe ("City") state as follows;

## I. COMPLAINT

Plaintiffs NMSURF and Albert Catanach allege;

    1.    This action is brought to enjoin the City of Santa Fe from enforcing the decision of the City Planning Commission regarding Case #2017-41; 1308 Apache Avenue Waiver. The City Planning Commission wrongfully reviewed and denied Plaintiff's facility modifications request brought by Plaintiffs basing their decision on elements outside of their jurisdiction and based on unsubstantiated evidence on the record against the recommendation of the City Land

Use Department. As a direct result of the City Planning Commission's denial of the setback waiver, Plaintiffs' request for a building permit application has been denied by the City Land Use Department and Plaintiffs' modifications to its facility and rights under federal law have been violated.

## II. PARTIES

2.      The City of Santa Fe is a municipality organized and incorporated pursuant to the laws of the State of New Mexico.

3.      CNSP, Inc., dba NMSURF is a New Mexico Corporation and State Regulated Competitive Local Exchange Carrier.

4.      Albert Catanach, an individual, is a New Mexico resident.

## III. JURISDICTION AND VENUE

5.      The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C § 1367, 47 U.S.C. § 332(c)(7) and 47 U.S.C. § 1455 ((Pub. L. 112–96, title VI, § 6409a). The Court has authority to issue declaratory and other relief pursuant to 28 U.S.C. §§ 2201-02.

6.      Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b) as the City is located in this District, the facility at issue is located in this District, and all or a substantial part of the events or omissions giving rise to this cause of action took place in this District.

## IV. PROCEDURAL HISTORY

7.      NMSURF applied to the City of Santa Fe on April 9th, 2015 to consolidate two existing rooftop towers to one tower 30 feet to the south within the property lines of its facility

under Section 6409a of the Telecommunications Act (TCA), 47 U.S.C. §1455, 47 C.F.R.

1.400001, and FCC Order 14-153 of the TCA.

8.    The City failed to issue a denial or acceptance of the request in writing within 60

days of the request as mandated by The TCA[1].  NMSURF and Mr. Catanach notified the City of

his "deemed grant" federal right under the TCA[2] on April 28th, 2016.

9.    The City failed to file suit objecting to the deemed grant as required by the act's

statute of limitations 30 day time frame. Mr. Catanach proceeded with his modifications in June

of 2016[3].

10.    The City sued Mr. Catanach in the New Mexico First Judicial District Court for a

violation of city ordinance in performing his modifications without a City issued permit, in

conflict with his deemed granted federal right.

11.    On July 15, 2016, Mr. Catanach requested the case be moved to the US District

Court of New Mexico due to the federal right and law being challenged.

12.    The US District Court concluded that the City filed suit in violation of a city

ordinance and not federal law and remanded the case back to the state district court.

13.    On October 26th, 2016 the state district court granted a preliminary injunction

against Mr. Catanach for not obtaining city approval.  This prevents Mr. Catanach from

continuing his modifications under the deemed granted right federal law.

14.    The state district court did not issue a ruling on the federal issues and instead

focused on the city ordinance violation.

---

[1] 47 CFR (c)(2)
[2] 47 CFR (c)(4)
[3] FCC Order 14-153, 236

15.     The state district court subsequently released a scheduling order setting a bench trial date for April 2017.

16.     In November 2016, Mr. Catanach filed the following motions: Motion to Stay the Injunction; Motion for Expedited Review; Motion for Summary Judgment; Motion for Jury Trial. The state district court denied the Motion to Stay the Injunction, Motion for Expedited Review; and Motion for Summary Judgment.

17.     The court granted the jury trial and currently has a pending jury trial date in October 2018.

18.     On April 7th, 2017, Mr. Catanach filed suit in the US District Court for New Mexico under 42 U.S.C. §1983 and Section 6409a of the Spectrum Act for declaratory and injunctive relief against Judge Thomson's order for an ongoing violation of Federal law.

19.     On April 12, 2017 the US District Court denied Mr. Catanach's Motion for TRO and on June 1st, 2017 granted opposing counsel's Motion to Dismiss.

20.     An appeal of that decision is currently in the 10th Circuit Court of Appeals.

## IV. ALLEGATIONS

21.     Congress adopted Section 6409 as a provision of Title VI of the Middle Class Tax Relief and Job Creation Act of 2012, and incorporated it into the TCA, codified as 47 U.S.C. § 1455. Section 6409(a)(1) states that "notwithstanding section 704 of the Telecommunications Act of 1996 codified as 47 USC(c)(7) or any other provision of law, a State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing

4

wireless tower or base station that involves (a) collocation of new transmission equipment; (b) removal of transmission equipment; or (c) replacement of transmission equipment".

22.     The law did not define what constitutes a substantial change.  Congress charged the Federal Communications Commission (FCC) with implementing and defining the law. Following a contentious notice-and-comment period, the FCC issued Order 14-153.  The Order underlines congressional concern that municipality permit review processes were hindering efforts to expand wireless.

23.     The Order implements the statute's directive that localities "shall approve" applications by establishing what the Order calls a "deemed granted remedy." Order ¶ 227.  The Order establishes a 30 day statute of limitations and authorizes applicants and local governments to bring claims relating to Section 6409(a) applications in "any court of competent jurisdiction," within 30 days of the relevant event, *i.e.* the date of the denial of the application or the date of the notification by the applicant to the local government of a "deemed grant".  Order ¶¶ 235-36.

24.     On June 8, 2017 Plaintiffs, at the request of the City Land Use Department, appeared before the City Planning Commission for a tower setback waiver.

25.     The City Planning Commission had authority to grant the setback waiver under Subsection 14-6.2(E)(8);

(8)Waivers
(a)The planning commission may grant a waiver of the standards set forth in this section or otherwise within its jurisdiction only if the planning commission finds that the waiver:
            (i)is in the best interest of the community as a whole;
            (ii)will expedite the approval of an *antenna* or *tower*;
            (iii)will not jeopardize the public health, safety and welfare, to the extent the *city* has jurisdiction;
            (iv)will either mitigate the adverse visual impacts of *antenna* and *tower* proliferation or limit the need for construction of new *tower*s or *antenna*s;
            (v)will better serve the purposes set forth in Subsection 14-6.2(E)(1); and

5

(vi)if the proposed site is located in the escarpment or south central highway corridor overlay districts, that the *applicant* has demonstrated to the satisfaction of the planning commission that it has explored all alternatives to the proposed site and to the proposed design and that location outside those districts is not practicable

26.    The City Land Use Department had reviewed Plaintiffs' responses (i)-(vi) in the Plaintiffs' Applicant Submittals and concurred with the responses. See Planning Commission Staff Report [Exhibit 1].

27.    The City Land Use Department improperly added Conditions of Approval that it did not discuss with the Plaintiffs prior to issuing its Planning Commission Staff Report.

28.    The City Land Use Department recommended as a condition of approval that the tower be concealed using stealth technology.

29.    The stealth technology proposed by the Land Use Department placed an unfair burden on the Plaintiffs as the technology would have interfered with Plaintiffs' technology and line of sight systems, significantly increased stress and load on the infrastructure of the tower and added significant additional construction costs to the tower. None of these factors were taken into consideration by the Land Use Department in recommending the stealth technology as a condition of approval.

30.    The City does not currently have an ordinance or City Code in place allowing for mandatory stealth technology for the construction of towers within City limits.

31.    The city has not required stealth technology at the facility for any previous towers, base stations, or antennas on the facility.

32.    The Land Use Department Planning Commission Staff Report recommended approval of the setback waiver.

33.     The Staff Report cited "[t]he scope of the Commission hearing is limited to the setback waiver. Details of the construction permit, and RF emissions, are beyond the jurisdiction of the Planning Commission."

34.     In Plaintiff's Applicant Submittals, the City had previously reviewed all safety measures regarding the tower including a November 12, 2016 letter from Joe Towner, professional engineer, certifying the tower's full compliance with the requirements of the State of New Mexico.

35.     The City reviewed Mr. Towner's qualifications and presented no challenge or objections to his qualifications or certification letter.

36.     After their review, the City Land Use Department concurred with Plaintiffs' response that the setback waiver request will not jeopardize public health, safety and welfare.

37.     Despite the recommendation of the Land Use Department and the limitation of jurisdiction note, the Planning Commission focused its decision on elements outside of its jurisdiction including permit history.

38.     The Planning Commission further ignored the letter of compliance by Joe Towner and recommendation by the Land Use Department that the tower was safe and would not jeopardize public safety.

39.     The Planning Commission further made unsubstantiated claims as to the construction of the tower that were defined and reviewed in the letter by Joe Towner.

40.     The Planning Commission's decision as to the public safety directly contradicts the review of the City Land Use Department and the review of engineer Joe Towner.

41.    As a result, Plaintiffs were denied due process as the Planning Commission directly exceeded their jurisdiction in their determination of the setback waiver.

42.    In denying the request for a setback waiver based on a decision exceeding their jurisdiction, the Planning Commission has wrongfully denied Plaintiffs' request in violation of Section 6409(a) of the TCA.

43.    State law and state agency decisions are pre-empted to the extent it actually conflicts with federal law. The Supreme Court has found pre-emption where it is impossible for a private party to comply with both state and federal requirements. *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143 (1963).

44.    In the instant case, Plaintiffs invoked their deemed granted right under federal law as the City failed to accept or deny their application within 60 days of their submittal. The City further failed to challenge the deemed granted right within 30 day statute of limitations of receiving the written deemed granted letter.

45.    The City in response has presented obstacles to Plaintiffs in continuing their modifications under their deemed granted right through a preliminary injunction and an unsubstantiated Planning Commission decision in an effort to delay Plaintiffs' efforts.

46.    The Supreme Court has found pre-emption where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). See also *Maryland v. Louisiana*, 451 U.S. 725, 747 (1981).

47.    In enacting the TCA, the intent of Congress was to "advance wireless broadband service for both public safety and commercial users," FCC 14-153 at 15, with a goal of "facilitating rapid deployment". *Id*.

8

48.     The obstacles placed by the City stand in direct contrast to the intent of Congress and should be declared preempted and in violation of federal law.

49.     The City's failure to comply with the 1996 Act and refusal to grant NMSURF's application has caused and will continue to cause NMSURF irreparable harm.

50.     The TCA entitles NMSURF relief ordering the City to issue all permits and approvals required for NMSURF's installation and operation of its wireless facilities at the site.


### V.  FIRST CAUSE OF ACTION
( Violation of Spectrum Act Section 6409(a))
(Codified as part of the TCA)


51.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

52.     The TCA, codified as 47 U.S.C. § 1455, Section 6409(a)(1) states that "notwithstanding section 704 of the Telecommunications Act of 1996 codified as 47 U.S.C. 332(c)(7) or any other provision of law, a State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that involves (a) collocation of new transmission equipment; (b) removal of transmission equipment; or (c) replacement of transmission equipment".

53.     The TCA states "if an application covered by Section 6409(a) has not been approved by a State or local government within 60 days from the date of filing…the reviewing authority will have violated Section 6409(a)'s mandate to approve and not deny the request, and the request will be deemed granted." See FCC Order 14-153 at 216 and 47 CFR 1.40001(c)(4).

54.     Plaintiffs submitted their request to the City on April 9th, 2015.

55.     The City did not issue an approval or denial of the request from the Land Use Director within the 60 day timeframe.

56.     Plaintiffs invoked their deemed granted right via certified mail to the City on April 28th, 2016 due to the ongoing delay of the City.

57.     The City failed to respond to Plaintiffs' April 28th, 2016 letter within 30 day statute of limitations as required by The TCA.

58.     The TCA statute of limitations states there is "no reason why such claims cannot and should not be brought within 30 days of the date of the relevant event" regarding challenges to a notification of an applicant's deemed grant notification to the municipality. See FCC 14-153 at 236.

59.     The City violated the TCA 60 day timeframe requirement, because it did not issue a denial or approval within the 60 day timeframe.  The City's July 14th, 2017 denial letter is 764 days beyond the TCA's 60 day requirement.  This is therefore a gross violation of the TCA and Congressional intent to deploy wireless rapidly.

60.     The city had 30 days, per the act's statute of limitations, to challenge the April 28th, 2016 deemed grant letter, but did not which is a further violation of the Act's statute of limitations.


## V. SECOND CAUSE OF ACTION

### ( Violation of TCA 47 U.S.C. § 332 – Effective Prohibition of Service)

10

61.     "The TCA reflects Congress's intent to expand wireless services and increase competition among providers." *Green Mountain Realty Corp. v. Leonard*, 688 F.3d 40, 48 (1st Cir.2012) (citation omitted). "Under the TCA, local governments retain control `over decisions regarding the placement, construction, and modification of personal wireless service facilities.'" *Id.* (quoting 47 U.S.C. § 332(c)(7)(A)). This control, however, is "subject to several substantive and procedural limitations that subject local governments to an outer limit upon their ability to regulate personal wireless services land use issues." *Id.* at 49 (citation omitted). One of the limits on local authority is the requirement that local decisions not "prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

62.     The decision of the City and Commission has the effect of prohibiting the provision of broadband personal wireless services at it prohibits NMSURF from continuing their modifications to their facility.

## VI.  THIRD CAUSE OF ACTION

### ( Violation of TCA 47 U.S.C. § 332 – Substantial Evidence)

63.     47 U.S.C. § 332(c)(7)(B)(iii) states;

"Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record".

64.     The decision of the City and Commission was not supported by substantial evidence contained in a written record. Specifically, the decision was based upon the permit history of the facility which is outside the jurisdiction of the Commission. The Commission

further failed to take into account written information on the record regarding the safety compliance of the tower.

65.     Specifically "the waiver was denied…because the tower was built without a city building permit" and "the retroactive inspection was a document review from an electrical engineer" and "the retroactive inspection was not conducted via a site visit by a structural engineer". See Findings of Fact page 5, Conclusions of Law No. 9 [Exhibit 2].

66.     The history of the building permit was not within the jurisdiction of the Planning Commission.

67.     The retroactive inspection was conducted both via a site visit and document review by a qualified professional engineer with an extensive background in tower structural review.

68.     The Land Use Department has previously reviewed the qualifications of the engineer for the retroactive inspection, and made no objection to his background. Rather they indicated their recommendation of approval to the Planning Commission.

69.     As a result, the basis of the Planning Commission's decision was based on unsubstantiated evidence and was not supported by substantial evidence contained in the written record.

## VII. FOURTH CAUSE OF ACTION

### (Violation of NMSA 1978 39-3-1.1 – Administrative Review)

70.     NMSA 1978 39-3-1.1(D) states as follows;

D. In a proceeding for judicial review of a final decision by an agency, the district court may set aside, reverse or remand the final decision if it determines that:
    (1) the agency acted fraudulently, arbitrarily or capriciously;
    (2) the final decision was not supported by substantial evidence; or

(3) the agency did not act in accordance with law.

71.     The decision of the City and Commission cannot survive administrative review under this law as the Commission acted arbitrarily without support of substantial evidence by basing their decision on merits outside their jurisdiction.

## VI.  PRAYER FOR RELIEF

72.     Wherefore, Plaintiffs respectfully pray that the Court:

a.      Permit expedited review pursuant to 47 U.S.C. § 332(c)(7)(B)(v) of the matters set forth in this Complaint;

b.      Enter an order finding that the City's decision violates and is preempted by 47 U.S.C. § 332(c)(7) and 47 U.S.C. § 1455;

c.      Enter an order under § 39-3-1.1, NMSA 1978, finding that the City's decision is arbitrary and capricious, not supported by substantial evidence, and not in accordance with the law;

d.      Enter an order requiring the City to issue Plaintiffs approvals authorizing Plaintiffs to modify, operate and maintain its proposed facilities at the Site; and.

e.      Award such additional relief as the interests of justice may require.

## VII.  JURY DEMAND

73.     Plaintiffs hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Carl Hans Muller
Attorney for the Plaintiff NMSURF
1308 Apache Ave
Santa Fe, NM 87505
505-428-7525
carl@nmsurf.com

Albert Catanach
Pro-Se
PO Box 23120.
Santa Fe, NM 87502-3120
505-913-1566
albert@nmsurf.com

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading was electronically filed through the Court's CM/ECF system, which caused the foregoing parties or counsel of record to be served electronically and/or mailed/emailed/faxed a true and correct copy of the above pleading to the following counsel/parties this 11th day of August 2017:

Kelley Brennan
City Attorney, City of Santa Fe
PO Box 909
Santa Fe, NM 87504
505-955-6512
kabrennan@santafenm.gov
Fax: 505-955-6748