IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CNSP, INC. d/b/a NMSURF,

    Plaintiff,

and

ALBERT CATANACH,

    Co-Plaintiff,

v.                                           17-cv-827 MCA/KRS

CITY OF SANTA FE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Motion for Temporary Restraining Order and Preliminary Injunction* [Doc. 3]; Plaintiffs' *Motion to Strike Defendant City of Santa Fe's Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction* [Doc. 8]; Plaintiffs' *Motion to Amend/Correct Complaint* [Doc. 17]; and Defendant's *Motion to Dismiss* [Doc. 6].

Having considered the parties' *Motions* and the applicable law, and being fully advised in the premises, the Court **DENIES in part** and **GRANTS in part** Defendant's *Motion to Dismiss* [Doc. 6]. For the reasons set forth below, the Court declines to address the remaining motions.

I.   **Background**

The following facts are drawn from the *Complaint*, except as noted. [Doc. 1] Additional facts are provided as pertinent to the parties' arguments. Plaintiff NMSURF

applied to the City of Santa Fe (the City or Defendant) in April 2015 to consolidate two existing rooftop towers into one tower within the property lines of its facility under 47 U.S.C. § 1455 of the Telecommunications Act (TCA or the Act). *See In the Matter of Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Policies*, 29 F.C.C. Rcd. 12865, 12922 (2014) (discussing implementation of Section 6409(a) of the Spectrum Act, codified within the TCA at 47 U.S.C. § 1455). The City did not issue a denial or acceptance of the application in writing within sixty days of the request as mandated by the TCA. Plaintiffs notified the City that the application was "deemed granted" under the TCA, and the City did not file suit objecting to the notification within thirty days as required by the Act.

Plaintiffs then proceeded with the tower modifications in June 2016. In July 2016, the City sued Plaintiff Catanach in the New Mexico First Judicial District Court for a violation of a city ordinance by modifying the towers without a City-issued permit. Plaintiff Catanach removed the matter to the United States District Court for the District of New Mexico, and the City moved for remand to state court. This Court granted the City's *Motion to Remand* the matter to the First Judicial District Court. *See City of Santa Fe v. Catanach*, No. 16-CV-825 MCA/KBM, 2016 WL 10179299 (D.N.M. Sept. 19, 2016).

After the City's suit was remanded, the state district court (Thomson, J.) granted a preliminary injunction preventing Plaintiffs from continuing the modifications but permitting Plaintiffs to continue operating the facility. The state district court set a bench trial date in April 2017.

Plaintiffs then filed the following motions: *Motion to Stay the Injunction*; *Motion for Expedited Review*; *Motion for Summary Judgment*; *Motion for Jury Trial*. The state district court denied the *Motion to Stay the Injunction*, the *Motion for Expedited Review,* and the *Motion for Summary Judgment*. It granted the *Motion for Jury Trial*. A jury trial is currently set for October 2018.

In April 2017, Plaintiff Catanach filed suit in the United States District Court for the District of New Mexico under 42 U.S.C. § 1983 and the TCA for declaratory and injunctive relief, alleging an ongoing violation of federal law by Judge Thomson. *See Catanach v. Thomson*, No. 17-2089, 2017 WL 5615849, at *1 (10th Cir. Nov. 20, 2017) (summarizing the procedural history of the suit).

On April 12, 2017, the United States District Court denied Plaintiff Catanach's *Motion for Temporary Restraining Order* and granted Judge Thomson's *Motion to Dismiss*. *Id*. at *3. The Tenth Circuit Court of Appeals affirmed. *Id*. at *5.

The present matter was initiated when Plaintiffs filed a *Complaint for Declaratory Judgment, Injunctive, and Other Relief* in this Court on August 11, 2017. [Doc. 1] They also filed a *Motion for Temporary Restraining Order and Preliminary Injunction* on August 17, 2017. [Doc. 3] Defendant filed a *Motion to Dismiss* on September 1, 2017. [Doc. 6] Because Defendant's *Motion to Dismiss* implicates this Court's jurisdiction, the Court will address it first. *See Muller v. Vilsack*, No. CV 13-0431 MCA/KK, 2015 WL 13651020, at *5 (D.N.M. Sept. 30, 2015) (stating that "a court . . . retains an independent obligation to ensure, even *sua sponte*, that it has jurisdiction over the claims before it").

## II. Defendant's *Motion to Dismiss* [Doc. 6]

Defendant moves to dismiss the *Complaint* on three bases. First, it argues that the Court does not have personal jurisdiction over it because Plaintiffs failed to properly serve the City under Federal Rule of Civil Procedure 4. [Doc. 6] Second, it argues that this Court should abstain from considering the *Complaint* because the same issues raised in it are also pending before the state district court. [Doc. 6] Finally, it argues that Plaintiffs failed to file the present suit within the time permitted by the TCA. [Doc. 6] Whereas the first issue implicates the Court's personal jurisdiction over the City, the second and third issues implicate the Court's subject matter jurisdiction. The Court "may address jurisdictional issues in any order [it] find[s] convenient." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (*citing Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585 (1999)).

### A. Personal Jurisdiction and Service of Summons

Defendant maintains that Plaintiffs did not include a summons when they served the *Complaint* and *Motion* on Geralyn Cardenas, Deputy City Clerk, as required by Rule 4(c)(1), which provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4. [Doc. 6] Hence, it argues, this Court does not have personal jurisdiction over it and the *Complaint* should be dismissed under Federal Rule of Civil Procedure 12(b)(5). [Doc. 6] *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). "The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process."

*Haskett v. Flanders*, No. 13-CV-03392-RBJ-KLM, 2014 WL 3563015, at *2 (D. Colo. July 16, 2014). Once service of process is challenged, the plaintiff must make a prima facie showing that "he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Id*. "The Court may consider affidavits and other documentary evidence when examining the prima facie burden, and shall entitle the plaintiff to the benefit of any factual doubt." *Id.* (internal quotation marks and citation omitted); *see Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984) ("If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."). "The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Haskett*, 2014 WL 3563015, at *2 (citing *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987)).

Here, Defendant points to an affidavit by Ms. Cardenas stating that Plaintiffs' process server "did not provide to the City a summons with the papers he provided." [Doc. 12-1] However, Plaintiffs provide an affidavit by the process server, in which he avers that he "personally served the City of Santa Fe with the summons, complaint, and notice of motion [for] temporary restraining order." [Doc. 9-1] An affidavit of service of the summons dated August 15, 2017 was filed with this Court on August 17, 2017. [Doc. 4] Resolving factual disputes in their favor, Plaintiffs have made a prima facie showing that proper service was effected. *See Boilermaker-Blacksmith Nat. Pension Fund v. Gendron*, 96 F. Supp. 2d 1202, 1216–17 (D. Kan. 2000) (holding that where the

defendant "assert[ed] that because the summons was not served upon her, service of process was defective" and "plaintiffs point[ed] to evidence that the process server served [the defendant] with both a summons and a copy of the complaint," the plaintiffs had "made a prima facie showing which [wa]s sufficient to overcome dismissal at this time"). Hence, Defendant's *Motion to Dismiss* based on failure of process will be denied.

**B. Subject Matter Jurisdiction**

"It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96, n.14 (1983). "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Id.*; *see Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258, 1264 (10th Cir. 2004) (concluding that "the district court had federal question jurisdiction over [the plaintiff's] claim of [TCA] preemption" over a City of Santa Fe ordinance).

Importantly, the City does not dispute that federal question jurisdiction does not exist. Rather, the City argues that the Court should abstain from exercising its jurisdiction because the issues raised by it are also currently pending before the First Judicial District Court. [Doc. 6] The City also argues that Plaintiffs' claims were filed too late under 47 U.S.C. § 332 and must be dismissed. [Doc. 6]

1. **Abstention**

In support of abstention, Defendant relies on the standard set forth in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), in which the Supreme Court addressed abstention by a federal court in a declaratory judgment action.[1] When both coercive and declaratory relief is requested, however, the standard set out in *Colorado River Water Conservation District*, not *Wilton*, applies.[2] *See Colorado River Water Conservation Dist. v. United States* (*Colorado River*), 424 U.S. 800, 813 (1976)[3]; *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) (recognizing "a distinction between suits seeking declaratory relief and those seeking coercive relief"); *Nautilus Ins. Co. v. Otero Cty. Hosp. Ass'n*, No. 2:11-CV-00178 BRB, 2011 WL 12574962, at *4 (D.N.M. Nov. 4, 2011) (concluding that the *Colorado River* standard applied where both declaratory and coercive relief was requested). The *Colorado River* doctrine "permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of

---

[1] Defendant titled its motion "Defendant City of Santa Fe's Motion to Dismiss." [Doc. 6] However, in its argument for abstention, it references *Wilton*, in which the Supreme Court affirmed the district court's *stay,* not dismissal, of a federal declaratory judgment action due to parallel state court proceedings. Hence, the Court will consider Defendant's motion, as it pertains to abstention, as one to dismiss or, in the alternative, to stay.

[2] "The court may address abstention under the *Colorado River* doctrine *sua sponte.*" *Hamilton v. Emerald Isle Lending Co.*, No. 10-CV-02713-REB-KMT, 2011 WL 1990568, at *11 (D. Colo. Apr. 6, 2011) (citing *Reinhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir.1999) (considering the *Colorado River* doctrine where the parties raised only another abstention doctrine)).

[3] "The *Colorado River* doctrine is not truly an abstention doctrine, because it is based on considerations of wise judicial administration instead of principles of comity. However, courts consistently refer to the exercise of the doctrine as abstention." *THI of New Mexico at Vida Encantada, LLC v. Archuleta*, No. CIV. 11-0399 BB/ACT, 2012 WL 8169886, at *3 n.3 (D.N.M. Jan. 12, 2012).

judicial resources and comprehensive disposition of litigation." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (internal quotation marks, alterations, and citations omitted). Although courts have differed over whether a dismissal or a stay is appropriate when *Colorado River* applies, the Tenth Circuit has held that "the better practice is to stay [rather than dismiss] the federal action pending the outcome of the state proceedings" because "[i]n the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Id*. at 1083.

Here, Plaintiffs seek both declaratory and coercive relief. Specifically, Plaintiffs title their *Complaint* "Complaint for Decla[ra]tory Judgment, Injunctive and Other Relief" and ask the Court to, inter alia:

> b. Enter an order finding that the City's decision violates and is preempted by 47 U.S.C. § 332(c)(7) and 47 U.S.C. § 1455;
>
> c. Enter an order under § 39-3-1.1, NMSA 1978, finding that the City's decision is arbitrary and capricious, not supported by substantial evidence, and not in accordance with the law; [and]
>
> d. Enter an order requiring the City to issue Plaintiffs approvals authorizing Plaintiffs to modify, operate and maintain its proposed facilities at the Site;

[Doc. 1] The final request is for an order directing the City to take a specific action, i.e., coercive relief. *See* Black's Law Dictionary (10th ed. 2014) (defining "coercive relief" as "[j]udicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint"); 22A Am. Jur. 2d Declaratory Judgments § 1 (stating that "[u]nlike coercive relief, in which a party is ordered by the court to do or refrain from doing something, a declaratory judgment merely declares the

legal relationship between the parties"). Because Plaintiffs pray for both declaratory and coercive relief, *Colorado River* applies here.

In *Fox*, our Tenth Circuit laid out the *Colorado River* analysis. "[A] federal court must first determine whether the state and federal proceedings are parallel." 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (internal quotation marks and citation omitted). Next, the court must balance several factors to determine whether dismissal or stay is appropriate. *Id.*

Plaintiffs argue that the state court suit and the matter here are not parallel because one is governed by state law and the other by federal law. They state that

> [t]he City's state court lawsuit has only two claims by the City; 1) violation of City Code section 14-3.11 under state law requiring a building permit and 2) failure to exhaust appeal remedies under City Code Section 14-3.l 7(C)(4)(a). Both claims are brought under City Code standards of state law. In the instant case, the claims are brought under federal law for violations under 47 U.S.C. § 1455, 47 U.S.C. § 332, and NMSA 1978 39-3-1.1 based on the singular event of the Planning Commission's decision to deny the setback waiver.

[Doc. 9] However, Plaintiffs' own description of the arguments in the state district court suit demonstrates that the issues in the two suits overlap. In their *Complaint*, Plaintiffs allege that "[t]he City sued Mr. Catanach in the New Mexico First Judicial District Court for a violation of city ordinance in performing his modifications without a City issued permit, in conflict with his *deemed granted federal right* [under 47 U.S.C. § 1455]." [Doc. 1, ¶ 10 (Emphasis added.)] They also state that "[o]n July 15, 2016, Mr. Catanach requested the [City's suit] be moved to the [United States] District Court of New Mexico due to the *federal right and law being challenged*." [Doc. 1, ¶ 11 (Emphasis added.)]

Finally, they note that this Court granted Defendant's *Motion to Remand* the matter to state district court on the ground that Plaintiffs' *defenses based on federal law* did not confer jurisdiction in this Court. [Doc. 1, ¶ 12] *See City of Santa Fe v. Catanach*, No. 16-CV-825 MCA/KBM, 2016 WL 10179299, at *4 (D.N.M. Sept. 19, 2016) (stating that "[a]lthough ultimately the question of whether Section 6409 [i.e., 47 U.S.C. § 1455] applies to [Plaintiffs'] tower will be significant in this matter, this question was raised as a defense to the City's state law claim for relief for violation of a municipal ordinance" and that Plaintiffs' "defenses and counterclaims resting on federal law are insufficient to confer federal court jurisdiction").[4]

Here, Plaintiffs seek rulings from this Court that the City's denial of the permit is contrary to federal law and not supported by the evidence. [Doc. 1] Plaintiffs do not dispute Defendant's allegation that they continued modifications to their facility without a permit. [Doc. 1, ¶ 9] Instead, they argue that their modifications were deemed granted under 47 U.S.C. § 1455. [Doc. 1, ¶¶ 51-60] Thus, the federal law issue raised here is also central to Plaintiffs' defenses to Defendant's state court claims. Because the parties in the two suits are the same and a central legal issue before the state court is the same issue raised in the present matter, the Court concludes that the state court suit and the present matter are parallel proceedings. It therefore turns next to consideration of the *Colorado River* factors. *Fox*, 16 F.3d at 1082 (stating that "if a federal court determines

---

[4] "It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties" without converting a 12(b)(6) motion into a motion for summary judgment. *Merswin v. Williams Companies, Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010) (unpublished) (citing *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361 (10th Cir. 2008)).

the state and federal proceedings *are* parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances").

The factors are: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." *Fox*, 16 F.3d at 1082. In a subsequent case, "[t]he Court discussed several other factors . . .*,* such as the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision, and the adequacy of the state court action to protect the federal plaintiff's rights." *Id*. (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). The Court will assess the seven factors in turn.

### a. *Whether either court has assumed jurisdiction over property*

This factor is inapplicable here, as no property is involved, and hence weighs neither for nor against a stay. *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013) (according little weight to the first factor where the case was "not an action in rem or quasi in rem").

### b. *The inconvenience of the federal forum*

Both Plaintiffs and Defendant are based in the First Judicial District in Santa Fe and witnesses are likely to be based there as well. The presiding judge involved here is based in Albuquerque, which is located an hour from Santa Fe. However, the United States District Court maintains courthouses in both Albuquerque and Santa Fe. Thus, the inconvenience of the federal forum, if any, is minimal. The Court concludes that this factor weighs neither for nor against a stay. *Id*. (affording "scant weight to the second

factor" where "[t]he state and federal courthouses involved in this case are at no great geographical distance from each other, and no party has suggested any physical or logistical inconvenience suffered as a result of litigating in dual forums").

*c and d. The desirability of avoiding piecemeal litigation and the order in which the suits were filed*

The avoidance of piecemeal litigation is the "paramount" consideration of the *Colorado River* doctrine. *Id.* (*citing Moses H. Cone,* 460 U.S. at 19). This factor is closely related to the fourth factor, which addresses the progress to date in each suit. *See D.A. Osguthorpe Family P'ship,* 705 F.3d at 1235 (stating that "[i]n applying th[e fourth] factor, 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" (quoting *Moses H. Cone,* 460 U.S. at 21)). Hence, these two factors feature prominently in the Court's analysis.

Defendant's state complaint against Plaintiffs was filed on July 14, 2016. *See City of Santa Fe v. Catanach*, D-101-CV-201601719, https://caselookup.nmcourts.gov. Plaintiffs filed the present suit in this Court just over a year later on August 11, 2017. [Doc. 1] After the state suit was filed, Plaintiff Catanach removed it to federal court, but it was remanded on Defendant's motion. *City of Santa Fe*, 2016 WL 10179299, at *1; *see also Catanach v. Thomson (Catanach II)*, No. 17-2089, 2017 WL 5615849, at *1 (10th Cir. Nov. 20, 2017) (discussing the case's history).

"Once back in state court, [the state court judge,] Judge Thomson[,] issued a preliminary injunction enjoining Catanach from performing any additional work on the

tower but allowing him to continue to operate the current equipment on the tower. He also denied Catanach's motion for summary judgment, motion for recusal, motion for expedited hearing, and emergency motion to stay the preliminary injunction." *Catanach II*, 2017 WL 5615849, at *1 (footnote omitted).

"Unhappy with these rulings, Catanach filed a pro se 42 U.S.C. § 1983 complaint against Judge Thomson in his official capacity [in federal court] alleging the judge violated his rights to due process and equal protection." *Id.*; *see Catanach v. Thompson (Catanach I)*, No. 17-CV-430-NF-KHR, 2017 WL 4231974, at *3 (D.N.M. Apr. 12, 2017), *reconsideration denied,* No. 17-CV-430-NF-KHR, 2017 WL 4220407 (D.N.M. Apr. 17, 2017).

Among other things, Catanach argued that "Thomson did not address [47 U.S.C. § 1455] and his orders violated that Act." *Catanach II*, 2017 WL 5615849, at *1. "The [United States] district judge agreed with Thomson that Eleventh Amendment immunity applied" and dismissed his suit. *Id.* at *3. The district court also denied Catanach's motion for reconsideration. *Catanach v. Thompson*, No. 17-CV-430-NF-KHR, 2017 WL 4220407 (D.N.M. Apr. 17, 2017). Catanach appealed to the Tenth Circuit Court of Appeals, which affirmed on the ground that Catanach's "claim for injunctive relief is barred by the [§ 1983] statute itself." *Catanach II,* 2017 WL 5615849, at *4. The state court matter is now set for trial in October 2018 and the parties are presumably preparing for trial. [Doc. 1, ¶ 17]

This history shows that any progress on the substantive legal issues has occurred in the state court. *Cf. D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235 (affirming

dismissal of the federal court suit in part because "[a]ll progress in this case . . . ha[d] been made in the state court"). The state court has considered and denied a number of motions, including Plaintiff Catanach's motion for summary judgment. [Doc. 1, ¶ 16] No such progress has been made in this case. Moreover, the common parties and issues in the state and federal suits indicate that they are duplicative and that maintenance of both suits would be a waste of judicial resources. Not only "would [it] be inefficient for both federal and state court to determine the [matter, a]t worst, multiple determinations could lead to inconsistent and conflicting results." *United States v. Bluewater-Toltec Irr. Dist.*, 580 F. Supp. 1434, 1444 (D.N.M. 1984), *aff'd sub nom. U.S. for & on Behalf of Acoma & Laguna Indian Pueblos v. Bluewater-Toltec Irrigation Dist. of New Mexico*, 806 F.2d 986 (10th Cir. 1986). Both factors 3 and 4 therefore weigh heavily in favor of a stay. *See Foxfield Villa Assocs., LLC v. Regnier,* 918 F. Supp. 2d 1192, 1199 (D. Kan. 2013) (holding that "duplication of proceedings is almost certain to occur" where "the issues being litigated in state court mirror those before the [federal] court . . . , and both cases rely on the same factual and legal assertions" and holding that "[d]uplication of proceedings would waste the resources of both the parties and the court").

*e. Whether federal law provides the rule of decision*

The fifth factor considers the role of federal law in resolution of the issues. Here, Plaintiffs' defense against the state court action is that Defendants' ordinance is preempted by 47 U.S.C. § 1455 and Federal Communications Commission (FCC) regulation, which permit applicants to assert that their application for a permit was "deemed granted" if the locality fails to timely respond to their application. *See* 47

C.F.R. § 1.40001(c)(4) (2015) ("In the event the reviewing State or local government fails to approve or deny a request seeking approval under this section within the timeframe for review (accounting for any tolling), the request shall be deemed granted."); *Montgomery Cty., Md. v. F.C.C.*, 811 F.3d 121, 128 (4th Cir. 2015) (stating that the "deemed granted" regulation implements § 1455). Whether § 1455 applies depends on whether applicants are proposing a "substantial change" to their facilities, which is also defined by federal regulation. *See* 47 C.F.R. § 1.40001(b)(7). Defendant acknowledges that the applicability of § 1455 is central to the state court action. [Doc. 6, pg. 4] This factor weighs against a stay.

### *f. The adequacy of the state court action to protect the federal plaintiffs' rights*

Even where federal law governs, however, that fact "does not automatically compel the conclusion that the resolution of a claim arising under [federal law] is a task better suited for the federal courts." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235. There is no evidence that the state court here is incompetent to apply federal law. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149–50 (1988) (recognizing that state courts can address issues of federal law, including whether federal law preempts state law); *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1235 (affirming dismissal of a federal suit where the state court was competent to apply the Federal Arbitration Act).

The Court concludes that, although federal law provides a rule of decision, the state court is competent to apply federal law and to protect Plaintiffs' rights. Hence, this factor weighs in favor of a stay.

*g. The vexatious or reactive nature of either the federal or the state action*

Finally, the Court notes that Plaintiffs seek an order directing Defendant to issue a permit for completion of changes to their facility, which would directly contravene the injunction issued by the state court. [Doc. 1, ¶ 72(d)] The *Complaint* for such relief was filed in this Court four months after the federal district court denied Plaintiffs' motion for reconsideration of the denial of an injunction against Judge Thomson prohibiting enforcement of the state court injunction. Thus, this matter is a second effort in federal court to prevent enforcement of the state court's injunction and to reverse the Planning Commission's denial of Plaintiffs' application. Because this matter is reactive in nature, this factor weighs in favor of a stay.

*h. Balance of the factors*

None of the above individual factors are dispositive. "Rather than use the factors as a mechanical checklist, a court should engage in a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Fox*, 16 F.3d at 1082. Here, four factors, including the most important—the avoidance of piecemeal litigation—weigh in favor of a stay, while the other factors are either inapplicable, neutral, or weigh slightly against a stay. Although the Court recognizes its obligation to exercise its jurisdiction except in "exceptional circumstances," it finds that a stay is appropriate here in light of the high potential for

duplicative litigation and waste of judicial resources. *Id*. at 1081. The present matter shall therefore be stayed pending resolution of the parallel state court proceedings.[5]

## 2. Statute of Limitations

Defendant also argues that Plaintiffs' *Complaint* must be dismissed because Plaintiffs failed to file suit within the time frame set out in the TCA. [Doc. 6] The section of the TCA on which Defendant relies provides that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v).

Plaintiffs argue that their filing was timely on two bases. First, they maintain that they were not notified of the Planning Commission's denial of their application until July 11, 2017, when the Commission mailed the findings and conclusions to them, and thus, the 30-day clock began on July 11. [Doc. 9] Second, they argue that "[t]he Federal Rules of Civil [P]rocedure commonly allow for three (3) days of additional time for items

---

[5] To the extent Plaintiffs argue that Defendant's *Motion to Dismiss* should be summarily dismissed because Defendant failed to obtain Plaintiffs' concurrence with or opposition to it pursuant to Local Rule 7.1, this request is denied. [Doc. 9] *See* DNM L.R. Civ. 7.1 ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). First, the Court notes that, as Defendant points out, Plaintiffs also neglected to comply with Local Rule 7.1 in their *Motion for Temporary Restraining Order*. [Doc. 12; Doc. 3] Moreover, Plaintiffs do not explain how they were prejudiced by Defendant's failure to ascertain whether they concurred with or opposed the *Motion to Dismiss*. [Doc. 9] Finally, Local Rule 7.1 does not "require[] the Court to strike a motion that does not conform to the requirements contained in th[at] rule[]." *Newsome v. GEO Grp., Inc.*, No. CV 12-733 MCA/GBW, 2015 WL 13662781, at *9 (D.N.M. Apr. 22, 2015), *report and recommendation adopted as modified,* No. CV 12-733 MCA/GBW, 2015 WL 13667235 (D.N.M. Sept. 29, 2015).

that are served via mail" and that, because "the City elected to issue via mail the written notification to Plaintiffs on July 11, 2017 the commonly approved date of acceptance and issuance to Plaintiff under federal rules would be July 14, 2017."  [Doc. 9]

The parties here do not address whether the TCA's 30-day requirement is jurisdictional or procedural, nor have they been invited to brief this issue.  Whether a statutory time limit is jurisdictional or procedural has a significant impact on the Court's analysis because when a statute of limitations is jurisdictional, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case," *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015), whereas a procedural statute of limitations is an affirmative defense that must be pled.  *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (stating that "the statute of limitations defense is an affirmative defense"); Fed. R. Civ. P. 8(c).  Generally, "[s]tatutes of limitations and other filing deadlines . . . are not jurisdictional." *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) (internal quotation marks and citation omitted).  Rather, a statute is jurisdictional only when there is a "clear indication that Congress wanted that provision to be treated as having jurisdictional attributes." *Id.* at 717 (internal quotation marks and citation omitted).  "To determine whether Congress has made the necessary clear statement," courts must "examine the text, context, and relevant historical treatment of the provision at issue." *Id.*

In a very recent concurring opinion joined by two members of a three-judge panel in the Eleventh Circuit Court of Appeals, Judge Kaplan applied these principles and stated that "[t]here is nothing in the plain language of [Section 332 of the TCA] that

indicates that Congress intended for the statute of limitations to be jurisdictional." *Athens Cellular Inc., d.b.a. Verizon Wireless, Plaintiff - Appellant, v. Oconee County, Georgia,, et al., Defendants - Appellees,* No. 15-12067, 2018 WL 1569764, at *16 (11th Cir. Apr. 2, 2018) (Kaplan, J., concurring). He went on to examine the statute's context and purpose and stated that

> [t]aking into consideration the harsh consequences that would follow from holding that the statute of limitations here is jurisdictional, the language in Section 332(c)(7)(B)(v), and the equivocal statement in [*Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1218 (11th Cir. 2002)] that an action under Section 332(c)(7)(B)(v) is 'similar to an appeal,' [he] conclude[d] that the statute of limitations is not jurisdictional, and accordingly, is subject to equitable tolling.

*Athens Cellular, Inc.*, 2018 WL 1569764, at *17; *see Omnipoint Commcns Inc. v. Comi*, 233 F. Supp. 2d 388, 391–92 (N.D.N.Y. 2002) (treating the time limit in 47 U.S.C. § 332(c)(7)(B)(v) as an affirmative defense).

Two scenarios are presented in the present case. First, if the statute of limitations here is jurisdictional and Plaintiffs did not meet its requirements, then the Court does not have the authority to hear their claims. If Plaintiffs did meet its requirements, the Court's decision to abstain from exercising jurisdiction obviates any practical need to analyze the issue. *See United States v. Blake*, 942 F. Supp. 2d 285, 300–01 (E.D.N.Y. 2013) (declining to address whether a claim should be dismissed for lack of jurisdiction as a result of failure to comply with the statute of limitations where the Court declined to exercise jurisdiction over it under *Colorado River*). On the other hand, if the statute of limitations here is an affirmative defense, then Defendant has met its burden to raise it. In the event that the state court proceedings do not resolve the matter and this Court lifts

the stay, the defense has been preserved.  As noted above, the parties have not addressed this issue.  Given the Court's decision to stay this matter pending resolution of the state court proceedings, the Court need not address this issue at this time.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's *Motion to Dismiss* to the extent it is based on a failure of process.  The Court will grant Defendant's request that this Court decline to exercise jurisdiction in this matter pending resolution of the State court proceedings.  These proceedings shall, therefore, be stayed.  Given the stay, the Court need not to address Defendant's argument as to the effect of the statute of limitation in 47 U.S.C. § 332(c)(7)(B)(v).  Also, because the Court will not exercise its jurisdiction over this matter, the Court will not consider Plaintiffs' *Motion for Temporary Restraining Order and Preliminary Injunction* [Doc. 3], *Motion to Strike* [Doc. 8], and *Motion to Amend/Correct Complaint* [Doc. 17].

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* [Doc. 6] is **DENIED in part** as to Defendant's request to dismiss based on failure of process and **GRANTED in part** as to Defendant's request to stay proceedings in this Court.

**CONSEQUENTLY**, these proceedings are hereby **STAYED** pending resolution of the parallel state court proceedings.

**SO ORDERED** this 9th day of April, 2018, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**